ANDERSON BANTA CLARKSON, PLLC
48 N. MacDonald
Mesa, Arizona 85201
sbanta@abclawgroup.com
480-707-2835

Stephen F. Banta (020360)
*Attorney for Plaintiffs*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>STEPHEN ARNOLD GOODMAN and<br>CATHEY ELIZABETH GOODMAN,<br><br>Debtors<br><br>STEPHEN ARNOLD GOODMAN and<br>CATHEY ELIZABETH GOODMAN,<br><br>Plaintiffs<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>EDUCATION; USA FUNDS, INC.;<br>NAVIENT SOLUTIONS, INC.<br><br>Defendants | No. 2:09-bk-21580-BKM<br><br>Chapter 7<br><br>Adv. No. 2:17-ap-00237<br><br>**COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF STUDENT LOAN DEBT UNDER 11 U.S.C. §523 (a)(8)** |

Plaintiffs Stephen Arnold Goodman and Cathey Elizabeth Goodman file this Complaint and allege as follows:

**JURISDICTION, VENUE and the PARTIES**

1. Plaintiffs, the debtors herein, filed their Voluntary Petition under Chapter 7 of the United States Bankruptcy Code on September 2, 2009.

1

2. This court has jurisdiction over this adversary proceeding under the provisions of Title 28 U.S.C. §1334. This adversary proceeding is brought pursuant to 11 U.S.C. §523(a)(8) and Bankruptcy Rule 7001(6). This is a core proceeding under 28 U.S.C. §157(b)(2)(I).

3. Plaintiff s are individuals residing in Maricopa County, Arizona and are the debtors in the above-referenced bankruptcy case.

4. Defendant United States Department of Education, upon information and belief, holds an interest in the loans described herein.

5. Defendant USA Funds, Inc., upon information and belief, is the guarantor of the loans described herein. USA Funds has offices in Indianapolis, IN.

6. Navient Solutions, Inc., upon information and belief, services the loans described herein. Navient Solutions, Inc. may have an interest in the subject loans. Navient Solutions, Inc. has offices in Wilkes-Barre, PA.

**GENERAL ALLEGATIONS and PRAYER FOR RELIEF**

7. At the time the Goodmans filed their bankruptcy petition in 2009, Cathey was liable for "Parent PLUS" loans solely applied for, and solely taken out by, Cathey Goodman for the purpose of allowing her children to pursue secondary education. Her children are not liable for repayment of the loans.

8. The history of the loans taken out by Cathey Goodman is as follows:
- 8/28/2000   $10,502
- 1/8/2001   $10,503
- 8/23/2001   $2,500
- 8/24/2001   $13,850
- 1/2/2002   $13,850
- 7/12/2002   $51,959.21 (consolidation of the above)
- 8/22/2002   $22,000

2

- 10/3/2002      $28,115
- 8/20/2003     $15,432
- 9/12/2003     $11,462
- 1/2/2004      $11,462
- 1/7/2004      $15,432
- 1/8/2004      $156,854.95 (consolidation of the above)
- 8/19/2004     $11,000
- 12/30/2004    $11,000
- 1/12/2005     $179,414.29 (consolidation of the above)
- 8/18/2005     $23,221

9. At the time Cathey Goodman applied for the loans, the lender advised her to apply for the loans personally and not jointly with her husband, so that she would qualify as a borrower.

10. The Goodmans listed the student loan debt on the schedules filed as a part of their 2009 bankruptcy.

11. Between October 1, 2001 and December 19, 2008, Cathey Goodman made $51,898.21 in payments. Cathey Goodman retired from her employment in June of 2005, and had no income until August of 2010 when she began receiving a small fixed income from Social Security.

12. Cathey Goodman made two payments in January of 2010 in the amount of $914.52.

13. Cathey Goodman entered into a forbearance agreement with the lender from February of 2010 through April of 2013.

14. Cathey Goodman applied for and was accepted into an income sensitive repayment plan from May 2013 through January 2017 and made an additional $1,426.16 in payments.

3

15. The current balance of the loans, as of March 3, 2017, is $290,426.94.

16. Cathey Goodman has made a good faith effort to repay her student loans.

17. Cathey Goodman is unable to continue to make payments on her student loans and will not be able to do so in the future.

18. Cathey Goodman is 68 years old and is retired and on a fixed income.

19. Cathey Goodman cannot maintain, based on her current income and expenses, a minimal standard of living if forced to repay her loans.

20. Given Cathey Goodman's age, and the fact that she is retired, additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans.

21. Therefore, it will impose an undue hardship on Plaintiffs if these student loans are not discharged.

WHEREFORE, Plaintiffs pray under 11 U.S.C. § 523(a)(8) that the debt owed to Defendants be discharged in its entirety or, alternatively, be partially discharged in the event that the Court finds that a partial discharge is appropriate under the facts of this case; and for such other relief that the Court deems just and proper.

DATED this 25th day of April, 2017.

ANDERSON BANTA CLARKSON, PLLC

By /s/ SFB (#020360)
Stephen F. Banta
Attorney for Plaintiffs

4